JAMES PATRICK,

        Plaintiff,

        v.                         CAUSE NO. 3:20-CV-1021-RLM-MGG

INDIANA DEPARTMENT OF
CORRECTION, et al.,

        Defendants.

## OPINION AND ORDER

James Patrick, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Patrick alleges that around 7:30 a.m. on June 3, 2020, he was at outdoor recreation with other inmates from his dorm. Other housing units surround the recreation area. Many inmates were talking to inmates in the surrounding housing units. There is no rule against this so long as the inmates aren't on the fence and are on the inside portion of the dirt track. Mr. Patrick was walking around the track when someone yelled his name from one of the surrounding housing units. He stopped

walking and stayed on the dirt path. Sgt. Cartegena told him to come to the entrance gate for outdoor recreation. Sgt. Cartegena then told Mr. Patrick that he would be writing him up for trafficking. Mr. Patrick asked how that was possible since trafficking involves transporting items into or out of prison. Mr. Patrick also said there's no rule against talking to inmates in other housing units so long as he is inside the track. Sgt. Cartegena grabbed Mr. Patrick, slammed him into the fence post, and pat searched him aggressively. Mr. Patrick asked to speak to a lieutenant or captain; Sgt. Cartegena responded that he was in charge and directing Mr. Patrick to go back to his unit. Sgt. Cartegena then called Mr. Patrick a "bitch." The checkpoint was locked when Mr. Patrick reached it. Sgt. Cartegena told Mr. Patrick to come back and walk with him. Sgt. Cartegena then snapped his fingers and said, "Now, boy." Mr. Patrick walked with Sgt. Cartegena as instructed, but Mr. Patrick told Sgt. Cartegena that he isn't a dog and asked Sgt. Cartegena to stop snapping his fingers at him.

When the checkpoint door was unlocked, Sgt. Cartegena put his hand on the back of Mr. Patrick's head and shoved him through the checkpoint. Twice, in repeated succession, he demanded that Mr. Patrick walk by him. He did not give Mr. Patrick an opportunity to comply before pulling out his mace and pointing it at Mr. Patrick. As Mr. Patrick tried to comply with the command, Sgt. Cartegena told Mr. Patrick to stop or he would spray him. Sgt. Cartegena placed Mr. Patrick in a wrist lock and pulled his hand and wrist behind his back so that it felt like Sgt. Cartegena was trying to lift Mr. Patrick off the ground, causing extreme shoulder pain. When he told Sgt.

Cartegena he was in pain, Sgt. Cartegena told him to "shut up." Mr. Patrick was forced to walk two sets of stairs with his arm behind his back this was. He was led to the former custody or "squad" room. The room is about eleven feet by thirteen feet, and it contains two desks facing each other at the back of the office. Sgt. Miller and Sgt. Dev were in the room, sitting at each of the desks. In front of Sgt. Miller and Sgt. Dev, Sgt. Cartegena shoved Mr. Patrick into a chair. Mr. Patrick again asked to see a supervisor because the situation seemed wrong. Sgt. Cartegena said they were supervisors. Sgt. Dev stared at Mr. Patrick. Sgt. Miller was typing. Sgt. Cartegena ordered Mr. Patrick to stand up. He stood, and Sgt. Cartegena slung the chair across the room. He then told Mr. Patrick that he "ain't shit" and told him to "swing." Mr. Patrick again asked to speak with a lieutenant or captain. Sgt. Cartegena removed Mr. Patrick's glasses and threw them on a filing cabinet, where they broke. Sgt. Cartegena grabbed Mr. Patrick's throat and started choking Mr. Patrick. Mr. Patrick said he couldn't breathe. Sgt. Cartegena indicated that he was going to snap Mr. Patrick's neck. He continued to choke Mr. Patrick for about ninety seconds. Sgts. Dev and Miller, who were both in the same small room, did nothing to stop the assault. Sgt. Dev was laughing, while Sgt. Miller continued typing. After Sgt. Cartegena stopped choking Mr. Patrick, Mr. Patrick asked Sgt. Miller if he was going to just sit there and let Sgt. Cartegena assault him. Sgt. Dev continued to laugh. Sgt. Cartegena ordered Mr. Patrick to sit cross legged on the floor facing the sink with his hands under his butt. Mr. Patrick complied. Sgt. Cartagena and Sgt. Dev left. Mr. Patrick asked Sgt Miller if he was going to sit there and let this happen. Sgt. Miller said he

"didn't see shit[.]" Sgt. Dev returned and told Mr. Patrick to "[s]hut the fuck up" because he can be heard at the check point. Sgt. Dev left again. Ten minutes later, Sgt. Miller told Mr. Patrick that he could return to his housing unit.

Mr. Patrick sues Sgt. Cartegena for using excessive force against him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Patrick the benefit of the inferences to which he is entitled at this stage of the process, these allegations state a claim against Sgt. Cartegena.

Mr. Patrick also complains about Sgt. Cartegena's use of offensive language. This doesn't state a constitutional claim upon which relief can be gratned. "An Eighth Amendment claim based on the infliction of psychological pain on an inmate requires (1) objectively, sufficiently serious misconduct, and, (2) subjectively, an intent to wantonly inflict psychological pain for no legitimate purpose." Snow v. List, No. 11-CV-3411, 2014 WL 1515613 * 1 (C.D. Ill. April 17, 2014) (*citing* Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003)). Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by* Savory v. Cannon, 947 F.3d 409, 426 (7th Cir. 2020).

Mr. Patrick sues Sgt. Miller an Sgt. Tina Dev for failing to intervene in Sgt. Cartegena's alleged use of excessive force. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000) (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). It can be plausibly inferred from Mr. Patrick's allegations that Sgt. Cartegena's excessive use of force occurring in the squad lasted long enough for Sgt. Miller and Sgt. Tina Dev to intervene. Mr. Patrick may proceed against them.

Mr. Patrick also alleges that Sgt. Cartegena's excessive use of force was in retaliation for questioning Sgt. Cartegena's statement that he would write Mr. Patrick up for trafficking and for asking to speak to a supervisor about Sgt. Cartegena's actions. Proceeding on different constitutional theories based on the same facts is redundant. *See* Hambright v. Kemper, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and Graham v. Connor, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection"). Here, the most explicit constitutional provision is the Eighth Amendment. Mr. Patrick can't proceed on a separate claim against Sgt. Cartegena for retaliation.

Mr. Patrick also names Commissioner Robert Carter, Jr., and Warden John Galipeau as defendants. Mr. Patrick asserts that the Department of Correction has a policy, practice, or custom of using excessive force against inmates and retaliating against them for exercising their First Amendment rights. Under <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658 (1978), claims of this sort can be brought against municipalities based on their policy, practice, or custom, but "such claims may only be maintained against a municipality." *See* <u>Sanville v. McCaughtry</u>, 266 F.3d 724, 740 (7th Cir. 2001) *citing* <u>Farmer v. Brennan</u>, 511 U.S. 825, 841 (1994). Commissioner Carter and Warden Galipeau aren't municipalities, so these allegations do not state a *Monell* claim. To the extent Mr. Patrick alleges that Commissioner Carter and Warden Galipeau didn't properly supervise, supervisors aren't liable under 42 U.S.C. § 1983 for what their subordinates do, and they can't be held liable simply because they employ or supervise others. *See* <u>Burks v. Raemisch</u>, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007). Commissioner Carter and Warden Galipeau must be dismissed.

Finally, Mr. Patrick has named the Indiana Department of Correction as a defendant. The Eleventh Amendment makes state agencies such as the IDOC immune from suit. <u>Wynn v. Southward</u>, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to the Eleventh Amendment immunity, *see* <u>MCI Telecommunications Corp. v. Ill. Commerce Comm'n</u>, 183 F.3d 558, 563 (7th Cir. 1999), but none of them apply here. Mr. Patrick can't proceed against the IDOC.

For these reasons, the court:

(1) GRANTS James Patrick leave to proceed against Sgt. Cartegena in his individual capacity for compensatory and punitive damages for using excessive force against Mr. Patrick on June 3, 2020, in violation of the Eighth Amendment;

(2) GRANTS Mr. Patrick leave to proceed against Sgt. Miller and Sgt. Tina Dev in their individual capacities for compensatory and punitive damages for failing to intervene in Sgt. Cartegena's use of excessive force against Mr. Patrick on June 3, 2020, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Indiana Department of Correction, Commissioner Robert Carter, Jr., and Warden John Galipeau;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Cartegena, Sgt. Miller, and Sgt. Tina Dev at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Cartegena, Sgt. Miller, and Sgt. Tina Dev to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 14, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT