UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES PATRICK, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-1021-RLM-MGG |
| CARTEGENA, et al., | |
| Defendants. | |

OPINION AND ORDER

James Patrick, a prisoner without a lawyer, is proceeding in this case "against Sgt. Cartegena in his individual capacity for compensatory and punitive damages for using excessive force against Mr. Patrick on June 3, 2020," and "against Sgt. Miller and Sgt. Tina Dev in their individual capacities for compensatory and punitive damages for failing to intervene in Sgt. Cartegena's use of excessive force against Mr. Patrick on June 3, 2020[.]" ECF 8 at 7. The defendants moved for summary judgment, arguing Mr. Patrick didn't exhaust his administrative remedies before filing suit. With the motion, the defendants provided Mr. Patrick the notice required by N.D. Ind. L.R. 56-1(f). Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Under Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed more than four months ago. Mr. Patrick hasn't responded.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

The defendants provide an affidavit from John Harvil, the Grievance Specialist at Westville Correctional Facility, in which he attests to the following:[1] Mr. Harvil never received any grievance from Mr. Patrick regarding the June 3 incident. ECF 14-1 at 4. In October 2020, Mr. Harvil received a Request for Interview from Mr. Patrick alleging he had submitted a grievance regarding the June 3 incident and had never received any response. Id.; ECF 14-4. Mr. Harvil responded to Mr. Patrick that he searched his records and determined he had never received any communication from Mr. Patrick about the June 3 incident. Id. After Mr. Harvil sent this response

---

[1] Because Mr. Patrick has not responded to the defendants' summary judgment motion, the court accepts Mr. Harvil's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

2

to Mr. Patrick, he never received any further communication from Mr. Patrick regarding the June 3 incident. ECF 14-1 at 4. The Offender Grievance Process allowed Mr. Patrick to request leave to submit a belated grievance or resubmit his original grievance, but he didn't do so. *Id.*

Prisoners can't bring suit in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants have provided undisputed evidence that Mr. Patrick didn't exhaust his administrative remedies before filing this case. It's undisputed that Mr. Patrick never successfully submitted a grievance regarding the June 3 incident. Mr. Patrick doesn't argue or point to any evidence the grievance process was unavailable. Even if Mr. Patrick tried to submit a grievance about the June 3 incident and received no response, the grievance office informed Mr. Patrick his grievance hadn't been

received and Mr. Patrick didn't follow up with the grievance office to resubmit his grievance or to request leave to submit a new grievance. The defendants have met their burden to show failure to exhaust. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 14); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against James Patrick.

SO ORDERED on April 13, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT